UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**THE COUNTY COMMISSION OF**
**FAYETTE COUNTY, WEST VIRGINIA,**

        **Plaintiff,**                  Civil Action No. 2:22-cv-00441

*Ex Rel.*: **ANTHONY CILIBERTI, ESQ.**,
**Fayette County Prosecuting Attorney,**

        **Relator,**

v.

**GADSDEN, GAILLARD, AND WEST LLC,**
a South Carolina Limited Liability Company;

**&**

**DENNIS EUGENE WEST,**
an Individual & Resident of South Carolina,

        **Defendants.**

## NOTICE OF REMOVAL

Defendants Gadsden, Gaillard, and West LLC ("GGW LLC") and Dennis Eugene West ("Mr. West"), (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by counsel, hereby remove this action from the Circuit Court of Fayette County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, the judicial district in which this action is pending. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. Defendants set forth the grounds for removal as follows:

## BACKGROUND

1. Plaintiff commenced the above-captioned matter by filing its Complaint in the Circuit Court of Fayette County on September 15, 2022. *See* **Exhibit A**, Docket Sheet from the Clerk of the Circuit Court of Fayette County, Civil Action No. CC-10-2022-C-106.

2. Plaintiff served the Complaint on GGW, LLC no earlier than September 20, 2022, and served the Complaint on Mr. West no earlier than September 21, 2022.[1] *See* **Exhibit B**, a true and accurate copy of the Summons and Complaint filed by Plaintiff; *See* **Exhibit C**, a true and accurate copy of the delivery tracking information for the respective Complaint filed on Defendants and correspondence from Plaintiff's counsel regarding service of the Complaint on Defendants.

3. In the Complaint, Plaintiff seeks damages for injury to, destruction of, or loss of natural resources alleged to be the result of public nuisance relating to an alleged incident where Mr. West purportedly wrecked a tractor trailer on August 24, 2022. *See* **Ex. B** at ¶¶ 2-4, 6.

4. The tractor trailer alleged to be involved in the incident was owned and operated by GGW, LLC and driven by Mr. West. *See* **Ex. B** at ¶ 2.

5. Plaintiff asserts that Defendants, as a result of the trailer tractor wreck, caused the release of a commercial chemical product, EMPIGEN® AS-F90, into the surrounding surface and subsurface soils, surface waters, surface water sediments and groundwater within the Paint Creek Watershed in both Fayette County and Kanawha County, West Virginia. *See* **Ex. B** at ¶ 4.

6. Plaintiff asserts that the alleged release of EMPIGEN® AS-F90 by the Defendants constitutes prohibited open dumps, which are considered public nuisances under West Virginia and Fayette County law. *See* **Ex. B** at ¶¶ 22-27.

## BASIS FOR REMOVAL

---

[1] As discussed *infra*, by removing this action Defendants do not waive any applicable Fed. R. Civ. P. 12(b) defenses and reserve the right to assert the same in Defendants' responsive pleading.

7. This civil action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

8. This civil action may be removed to this Court by these Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## CITIZENSHIP OF PARTIES

9. Plaintiff is a public corporation and is a political subdivision of the state of West Virginia. *See* **Ex. B** at ¶ 19.

10. Defendant GGW, LLC is a South Carolina Limited Liability Company, with its principal place of business in the State of South Carolina. *See* **Ex. B** at ¶ 20; *see also* **Exhibit D**, South Carolina Secretary of State Page.

11. Defendant Mr. West is an individual and resident of the State of South Carolina. *See* **Ex. B** at ¶ 21.

12. Accordingly, complete diversity is established between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

13. Although Plaintiff did not specifically plead a total amount of alleged damages in the Complaint, this case may be removed because it is apparent from the facts alleged within the Complaint that Plaintiff seeks damages in excess of $75,000.00.

14. "In a situation where, as here, the removing defendant 'claim[s] diversity jurisdiction in the face of a silent complaint,'" the amount-in-controversy requirement "merely requires the defendant to 'establish what the plaintiff stands to recover.'" *Arthur v. Homesite Ins. Co.*, No. 2:16-cv-00150, 2016 U.S. Dist. LEXIS 56426, at *8 (S.D. W. Va. Apr. 28, 2016 (internal

quote omitted. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

15. "If there is no *ad damnum* clause with an amount over $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962 (S.D.W. Va. 2011) (citations omitted).

16. "When the amount of damages a plaintiff seeks is unclear . . . the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. 22, 23 (S.D.W. Va. 1994),

17. As to Count I, Plaintiff seeks judicial abatement of an alleged *per se* public nuisance, as defined under the WV Solid Waste Management Act, W. Va. Code Chapter 22, Article 15, resulting from open dumps purportedly created by the Defendants. *See* **Ex. B** at ¶ 41, 43.

18. As to Count II, Plaintiff seeks judicial abatement of an alleged *per se* public nuisance, as defined under Fayette County Ordinance 2018-001 (the "Ordinance"), a complete copy of which is located in Exhibit 1 to Plaintiff's Complaint, resulting from open dumps purportedly created by the Defendants. *See* **Ex. B** at ¶¶ 45-69.

19. As to Count III, Plaintiff seeks judicial abatement of an alleged public nuisance, under West Virginia common law, resulting from open dumps purportedly created by the Defendants. *See* **Ex. B** at ¶ 84.

20. As to Count IV, Plaintiff seeks declaratory and injunctive relief providing for the recovery of costs incurred by Plaintiff in investigating and responding to the alleged hazardous

substances that have been purportedly released into the environment by the Defendants. *See* **Ex. B** at ¶ 91.[2]

21. As to Count V, Plaintiff seeks damages for injury to, loss of, and destruction of natural resources within Fayette County, pursuant to Section VI(a)(19)(E) of the Ordinance. *See* **Ex. B** at ¶ 90. These damages include costs incurred by the Plaintiff to abate the alleged environmental damage and the costs of assessing such injury, destruction, and loss alleged to have resulted from hazardous substances that have been purportedly released into the environment by the Defendants. *See* **Ex. B** at ¶ 90.

22. As to Count VI, Plaintiff claims that the Defendants have been unjustly enriched by Plaintiff's expenditure of funds to investigate and respond to the alleged environmental damage resulted from hazardous substances that have been purportedly released into the environment by the Defendants. *See* **Ex. B** at ¶ 95.

23. Section A of Plaintiff's WHEREFORE clause demands judgment to require the Defendants to bring the alleged open dumps into compliance with State and County statutes and regulations and properly abate the environmental impacts alleged to have been created by the Defendants. *See* **Ex. B** at WHEREFORE Clause Section A.

24. Section B of Plaintiff's WHEREFORE clause demands judgment to require the Defendants to pay to Plaintiff (a) the total abatement and assessment costs incurred by the Plaintiff and any other West Virginia Government Agency authorized to respond to the alleged environmental violations at issue in this case; (b) the total amount of Plaintiff's projected costs to commence and complete a "Remedial Investigation and Feasibility Study" and a "Natural Resource Damage Assessment" regarding the alleged environmental violations at issues in this

---

[2] Note that Count Five of the Complaint is mis-numbered and starts with paragraph 85.

case; (c) the total amount of the projected costs of Plaintiff to implement such immediate removal or interim remedial actions as the Court may determine to be necessary and proper to appropriate abatement the alleged public nuisance conditions and environmental damages purportedly caused by the Defendants; and (d) the total amount of the projected costs of Plaintiff to remedy the alleged public nuisance conditions purportedly created by the Defendants, including future costs to oversee and monitor abatement activities required to be carried out by the Defendants. **Ex. B** at WHEREFORE Clause Section B.

25. Section G of Plaintiff's WHEREFORE clause demands an equitable order for restitution to require Defendants to pay Plaintiff the total amount of the all technical, legal and other consulting costs incurred by Plaintiff to respond to the alleged public nuisance conditions purportedly created by the Defendants. **Ex. B** at WHEREFORE Clause Section G.

26. Section H of Plaintiff's WHEREFORE clause demands judgment to require Defendants to pay to Plaintiff "all damages for injury to, destruction of, or loss of Natural Resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from a Public Nuisance within Fayette County." **Ex. B** at WHEREFORE Clause Section H.

27. While the Defendants deny that Plaintiff is entitled to any monetary or other relief, it is plain from the allegations and relief sought by Plaintiff in the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Plaintiff requests monetary relief include, but are not limited to, (a) technical, legal, and consulting costs to assess and respond to the alleged environmental damage, (b) the costs to abate and remediate the alleged environmental damage, and (c) monitoring costs after abatement and remediation activities are completed. As such, this Court has original jurisdiction, and this matter is properly removed to federal court.

28. Pursuant to L.R. Civ. P. 3.4, the certified docket sheet from the Circuit Court of Fayette County is attached as **Exhibit A**.

29. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents served upon Defendants are attached hereto as **Exhibit B**.

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk for the Circuit Court for Fayette County, West Virginia. The Notice of Removal to Federal Court, excluding exhibits, is attached hereto as **Exhibit E**.

31. This Notice of Removal is filed within 30 days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b). Indeed, this Notice of Removal is filed within 30 days of Defendants being served with the Complaint.

## CONSENT TO REMOVAL

32. All Defendants consent to removal to the United States District Court for the Southern District of West Virginia, Charleston Division. *See* Notice of Consent to Removal, attached hereto as **Exhibit F**.

## NO WAIVER OF DEFENSES

33. Defendants, by removing this matter, do not waive and hereby reserve the right to assert any and all applicable defenses under Fed. R. Civ. P. 12(b). *See Corbitt v. Air Prod. & Chemicals, Inc.*, No. 6:07-CV-00200, 2007 WL 9718736, at *1 (S.D.W. Va. Aug. 31, 2007) (citing *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451 (1943) ("Pending before the court is the defendant's motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(5) of the *Federal Rules of Civil Procedure* for insufficient service of process [Docket 4]. A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections."));

*Miller v. Norfolk S. Ry. Co.,* No. CIV.A. 2:03-0514, 2006 WL 2192033, at *4 (S.D.W. Va. Aug. 1, 2006) ("[P]laintiffs oppose the motion to dismiss noting, without support, that NSRC, by filing its notice of removal, waived any challenge it may have had to the court's subject matter jurisdiction. This argument fails inasmuch as removal was proper and NSRC has the right to assert its defenses including challenges to subject matter jurisdiction. 14C Wright Miller & Cooper, Fed. Prac. & Proc. § 3738 (3d ed.1998) ("[t]he governing principle is that the defendant does not waive any defense by removing the case to federal court.")"); *Slone v. State Auto Prop. & Cas. Ins. Co*., No. 2:19-CV-00408, 2021 WL 190938, at *11 (S.D.W. Va. Jan. 19, 2021), *motion to certify appeal denied,* No. 2:19-CV-00408, 2021 WL 687697 (S.D.W. Va. Feb. 22, 2021), and *appeal dismissed*, No. 21-1190, 2021 WL 7184361 (4th Cir. Oct. 14, 2021) (quoting *Corbitt v. Air Prods. and Chems., Inc.,* No. 6:07-cv-00200, 2007 WL 9718736, at *1 (S.D. W. Va. Aug. 31, 2007) (citing *Freeman v. Bee Mach. Co.,* 319 U.S. 448, 451 (1943)) ("As to the waiver issue, Federal Rule of Civil Procedure 12(h)(1) provides for the waiver of a Rule 12(b)(5) defense under certain circumstances, including when the defense is not raised in a motion prior to the filing of a responsive pleading or in a responsive pleading. However, as this court has observed, '[a] party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.'")).

    **WHEREFORE**, based upon the foregoing, Defendants Gadsden, Gaillard, and West LLC and Dennis Eugene West, request that this Court assume full jurisdiction over this matter, and that the Circuit Court of Fayette County, West Virginia proceed no further in the case.

    Respectfully submitted,

    **GADSDEN, GAILLARD, AND WEST LLC and**

**DENNIS EUGENE WEST,**

**By:  Spilman Thomas & Battle, PLLC**

<u>*/s/ Gerald M. Titus III*</u>
Gerald M. Titus III (WV Bar No. 9392)
David L. Yaussy (WV Bar No. 4156)
Joseph C. Unger (WV Bar No. 13699)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321-0273
(304) 340-3800
(304) 340-3801 (facsimile)
gtitus@spilmanlaw.com
dyaussy@spilmanlaw.com
junger@spilmanlaw.com
***Counsel for Defendants***

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**THE COUNTY COMMISSION OF**
**FAYETTE COUNTY, WEST VIRGINIA,**

       **Plaintiff,**                                   Civil Action No. 2:22-cv-00441

*Ex Rel.*: **ANTHONY CILIBERTI, ESQ.,**
**Fayette County Prosecuting Attorney,**

       **Relator,**

v.

**GADSDEN, GAILLARD, AND WEST LLC,**
a South Carolina Limited Liability Company;

**&**

**DENNIS EUGENE WEST,**
an Individual & Resident of South Carolina,

       **Defendants.**

I, Gerald M. Titus III, counsel for Defendants, hereby certify that on this 11th day of October, 2022, I filed this **Notice of Removal,** with the Clerk of the Court using the CM/ECF system, and that a copy of this document has been served upon the following by regular U.S. Mail:

Michael O. Callaghan, Esquire
Neely & Callaghan, PLLC
1377 Virginia Street East
Charleston, WV 25301
(304) 545-4794
***Counsel for Plaintiff***

                                                           */s/ Gerald M. Titus III*
                                                       Gerald M. Titus III (WV State Bar # 9392)