UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA,**
*Ex Rel.*: **ANTHONY CILIBERTI, ESQ.,**
*Fayette County Prosecuting Attorney*,

      **Plaintiffs,**

                              **Civil Action No. 2:22-cv-00441**

**v.**

**GADSDEN, GAILLARD, AND WEST LLC,**
*a South Carolina Limited Liability Company*;
**and DENNIS EUGENE WEST,** *an Individual
and Resident of South Carolina*,

      **Defendants.**

## ANSWER AND AFFIRMATIVE DEFENSES OF DENNIS WEST AND GADSDEN, GAILLARD, AND WEST LLC TO PLAINTIFF'S COMPLAINT

Defendants Gadsden, Gaillard, and West LLC ("GGW LLC") and Dennis Eugene West ("Mr. West"), (collectively, the "Defendants"), by counsel, sets forth the following Answer and Affirmative Defenses to Plaintiff's Complaint. Defendants set forth the following Answer and Affirmative Defenses to Plaintiff's Complaint:

1. Defendants admit that GGW LLC operated a licensed, commercial trucking service in interstate commerce at the time of the August 24, 2022 accident.

2. In response to the allegations in Paragraph 2 of the Complaint, Defendants admit that GGW LLC owned the referenced tractor trailer truck, which was operated by Mr. West, who was an officer and member of GGW LLC at the time alleged in Paragraph 2 of the Complaint, and further that the tractor trailer truck crashed and overturned in the northbound lane of I-77 in the

area near the 62.5 mile marker in Pax, Fayette County, West Virginia, and that the northbound and southbound lanes of I-77 were blocked as a result of the crash. Defendants state that the photograph included in Paragraph 2 of the Complaint speaks for itself.

3.  In response to the allegations in Paragraph 3 of the Complaint, Defendants admit, upon information and belief, that Mr. West understood that he was hauling 12 totes of EMPIGEN® AS/F90 ("Empigen"), Commercial Abstract Service Number 68149-01-2, an aqueous solution of Alkyl Dimethylamine. Defendants state that Material Safety Data Sheet ("MSDS") for Empigen referenced in Paragraph 3 of the Complaint speaks for itself. Defendants are without information knowledge or information sufficient to form a belief as to the truth of the assertion in Paragraph 3 of the Complaint, including the allegation that Empigen is primarily used under strictly controlled conditions as a marine cleaning agent.

4.  In response to the allegations in Paragraph 4 of the Complaint, Defendants admit that Empigen was released into Paint Creek. Defendants are without information knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5.  In response to the allegations in Paragraph 5 of the Complaint, Defendants state that the MSDS for Empigen sets forth the toxicity, corrosiveness, labeling requirements, and classifications of Empigen and Defendants deny any allegation contained in Paragraph 5 of the Complaint that is inconsistent therewith and demands strict proof thereof.

6.  Defendants deny the allegations in Paragraph 6 of the Complaint.

7.  In response to the allegations in Paragraph 7 of the Complaint, Defendants admit that law enforcement officers responded to the scene of the accident, but are without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. In response to the allegations in Paragraph 9 of the Complaint, Defendants admit that Mr. West was contacted at the scene by a Fayette Co. Deputy Sheriff at the scene, who administered a field sobriety test and thereafter stated to Mr. West that he had failed the field sobriety test and placed him under arrest for suspicion of Driving Under Intoxication and transported to the West Virginia State Police Turnpike Office in Beckley, West Virginia, where Mr. West agreed to take a breath test, after which an officer stated that the breath test disclosed a blood alcohol level of 0.128. In further response to Paragraph 9, Defendants admit that a misdemeanor criminal complaint (Case # 22-MIDM-01070) was filed against Mr. West in the Magistrate Court of Fayette County, West Virginia, and that the criminal case was pending at the time the Complaint was filed. Defendants deny the allegation in Footnote 5 of Paragraph 9 of the Complaint that a Hazardous Materials Spill Event occurred. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendants admit that admit that the WVDEP and Clean Harbors responded to the crash and the alleged Hazardous Material Spill Event, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Defendants admit that Empigen was released into surface soils, subsurface soils, and surface waters of the Paint Creek Watershed, but

are without knowledge or information sufficient to form a belief as to the truth of the allegation that Empigen was released into surface water sediments, and, upon information and belief, deny that Empigen was released into groundwater. Defendants further admit that the released Empigen killed a number of fish in Paint Creek, and upon information and belief, admit the released Empigen produced a visible foam. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. The second Paragraph 9[1] of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in the second Paragraph 9 of the Complaint.

14. The second Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in the second Paragraph 10 of the Complaint.

15. The second Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in the second Paragraph 11 of the Complaint.

16. The second Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in the second Paragraph 12 of the Complaint.

17. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 13 of the Complaint.

---

[1] Plaintiffs' complaint contains the following number paragraphs, in this order:  1-12; 9-21; 23; 22-27; 26-45, 45-91; 85-95

18. Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 14 of the Complaint.

19. Defendants deny the allegations in Paragraph 15 of the Complaint, including all subparts.

20. Paragraph 16 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 16 of the Complaint.

21. Paragraph 17 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 17 of the Complaint.

22. In response to Paragraph 18 of the Complaint, Defendants deny that Natural Resources within Fayette County have been adversely impacted by the release of Empigen, deny that Continuing Public Nuisance Conditions exists in Fayette County from the release of Empigen, and deny that that Public Nuisance Conditions exist that endanger Public Health, Safety, Welfare, and the Environment, but are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 18 of the Complaint.

23. Defendants admit the averments contained in Paragraph 19 of the Complaint.

24. In response to Paragraph 20 of the Complaint, Defendants admit that GGW LLC was a South Carolina limited liability company on the accident date, and that Plaintiff has attached to its Complaint a true and correct copy of a webpage maintained by the South Carolina Secretary of State.

25. In response to paragraph 21 of the Complaint, Defendants respond to Paragraph 21 of the Complaint, Defendants admit that Mr. West is an individual and resident of South Carolina, that he was an officer and member of GGW LLC and the operator of the tractor trailer at the time of the accident referenced in the Complaint, and further that GGW LLC owned the tractor trailer referenced in the Complaint. Defendants deny the allegation in Paragraph 21 that Mr. West was involved in a Hazardous Materials Spill Event.

26. Paragraph 23[2] of the Complaint contains definitions used in the Complaint and requires no response. To the extent the bolded terms in Paragraph 23 are intended to have legal meaning outside of their ordinary usage, they are legal conclusions to which no response is required. To the extent Paragraph 23 references sections of the Public Nuisance Ordinance, State, and Federal Law, those sections speak for themselves and require no response. To the extent Paragraph 23 contains factual allegations or claims for relief, Defendants deny the allegations and claims for relief.

27. In response to Paragraph 22[3] of the Complaint, Defendants admit that GGW LLC was the owner and operator of the tractor tailor at the time referenced therein, but deny that GGW LLC was involved in a Hazardous Materials Spill Event.

28. Second Paragraph 23 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in the second Paragraph 23 of the Complaint.

---

[2] Plaintiffs' Complaint skips from Paragraph 21 to Paragraph 23.
[3] Plaintiffs' Complaint skips from Paragraph 23 to Paragraph 22.

29. Paragraph 24 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 24 of the Complaint.

30. Paragraph 25 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 25 of the Complaint.

31. Paragraph 26 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 26 of the Complaint.

32. Paragraph 27 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 27 of the Complaint.

## COUNT ONE:
### JUDICIAL ABATEMENT OF A CONTINUING *PER SE* PUBLIC NUISANCE DECLARAED BY THE GENERAL LAW OF WEST VIRGINIA

33. In response to paragraph 26 of Plaintiff's Complaint, Defendants re-assert their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

34. The second Paragraph 27 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 27 of the Complaint.

35. Paragraph 28 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 28 of the Complaint.

36. Paragraph 29 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 29 of the Complaint.; if a response is required, those allegations are denied.

37. Paragraph 30 contains a citation to the West Virginia Solid Waste Management Act ("WVSWMA"), which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 30 of the Complaint.

38. Paragraph 31 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 31 of the Complaint.

39. Paragraph 32 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 32 of the Complaint.

40. Paragraph 33 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 33 of the Complaint.

41. Defendants deny the allegations in Paragraph 34 of the Complaint.

42. Defendants deny the allegations in Paragraph 35 of the Complaint.

43. Defendants deny the allegations in Paragraph 36 of the Complaint.

44. Defendants deny the allegations in Paragraph 37 of the Complaint.

45. Paragraph 38 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 38 of the Complaint.

46. Paragraph 39 of the Complaint contains a citation to the West Virginia Solid Waste Management Rule, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 39 of the Complaint.

47. Defendants deny the allegations in Paragraph 40 of the Complaint.

48. Defendants deny the allegations in Paragraph 41 of the Complaint.

49. Paragraph 42 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 42 of the Complaint.

50. Defendants deny the allegations in Paragraph 43 of the Complaint.

## COUNT TWO:
### JUDICIAL ABATEMENT OF A CONTINUING *PER SE* PUBLIC NUISANCE DECLARTED BY SECTION V OF FAYETTE CO. ORDINANCE NO. 2018-001, PURSUANT TO SECTION XXII OF THAT ORDINANCE, AND RELATED DECLARATORY RELIEF

51. In response to Paragraph 44 of the Complaint, Defendants re-assert their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

52. Paragraph 45 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 45 of the Complaint.

53. The Second Paragraph 45 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in the second Paragraph 45 of the Complaint.

54. Paragraph 46 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 46 of the Complaint.

55. Paragraph 47 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 47 of the Complaint.

56. Defendants deny the allegations in Paragraph 48 of the Complaint.

57. Defendants deny the allegations in Paragraph 49 of the Complaint.

58. Paragraph 50 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 50 of the Complaint.

59. Defendants deny the allegations in Paragraph 51 of the Complaint.

60. Defendants deny the allegations in Paragraph 52 of the Complaint.

61. Defendants deny the allegations in Paragraph 53 of the Complaint.

62. Defendants deny the allegations in Paragraph 54 of the Complaint.

63. Defendants deny the allegations in Paragraph 55 of the Complaint.

64. Defendants deny the allegations in Paragraph 56 of the Complaint.

65. Defendants deny the allegations in Paragraph 57 of the Complaint.

66. Defendants deny the allegations in Paragraph 58 of the Complaint.

67. Defendants deny the allegations in Paragraph 59 of the Complaint.

68. Defendants deny the allegations in Paragraph 60 of the Complaint.

69. Paragraph 61 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 61 of the Complaint.

70. Defendants deny the allegations in Paragraph 62 of the Complaint.

71. In response to Paragraph 63 of the Complaint, Defendants admit, upon information and belief, that the released Empigen entered into the surface waters of Paint Creek and produced a visible foam, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation Paragraph 64 of the Complaint.

73. Defendants deny the allegations in Paragraph 65 of the Complaint.

74. Defendants deny the allegations in Paragraph 66 of the Complaint.

75. Defendants deny the allegations in Paragraph 67 of the Complaint.

76. Defendants deny the allegations in Paragraph 68 of the Complaint.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint that Plaintiff has incurred and is continuing to incur Abatement Action Costs. Defendants deny that public nuisance conditions exist in the subject watershed.

## COUNT THREE:
## JUDICIAL ABATEMENT OF A CONTINUING PUBLIC NUISANCE PURSUANT TO THE COMMON LAW OF WEST VIRGINIA

78. In response to Paragraph 70 of the Complaint, Defendants re-assert their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

79. Paragraph 71 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 71 of the Complaint.

80. Paragraph 72 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 72 of the Complaint.

81. Paragraph 73 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 73 of the Complaint.

82. Paragraph 74 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 74 of the Complaint.

83. Paragraph 75 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 75 of the Complaint.

84. Paragraph 76 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 76 of the Complaint.

85. Paragraph 77 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 77 of the Complaint.

86. Paragraph 78 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 78 of the Complaint.

87. Defendants deny the allegations in Paragraph 79 of the Complaint.

88. Paragraph 80 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 80 of the Complaint.

89. Defendants deny the allegations in Paragraph 81 of the Complaint.

90. In response to Paragraph 82 of the Complaint, Defendants admit that the elected representative of the people and residents of Fayette County did not consent to or expressly permit or authorize the conduct alleged to have been committed by Defendants. Defendants deny the allegation in Paragraph 82 of the Complaint that Public Nuisance Conditions exist, or that Defendants caused, contributed to the alleged Public Nuisance Conditions.

91. Defendants deny the allegations in Paragraph 83 of the Complaint.

92. Defendants deny the allegations in Paragraph 84 of the Complaint.

**COUNT FOUR:**
**DECLARATORY AND CORRESPONDING INJUNCTIVE RELEIF PROVIDING RECOVERY OF: (i) COUNTY COSTS INCURRED WITH RESPECT TO THE SUBJECT PROPERTY; AND (ii) RECOVERY OF THE COUNTY'S REASONABLE ATTORNEYS' FEES AND COURT COSTS INCURRED HEREING PURSUANT TO W. VA. CODE § 7-1-3ff(h)(4)**

93. Paragraph 85 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 85 of the Complaint.

94. Paragraph 86 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 86 of the Complaint.

95. Paragraph 87 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 87 of the Complaint.

96. Paragraph 88 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 88 of the Complaint.

97. Paragraph 89 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny all factual allegations in Paragraph 89 of the Complaint.

98. Defendants deny the allegations in Paragraph 90 of the Complaint.

99. Defendants deny the allegations in Paragraph 91 of the Complaint.

### COUNT FIVE:
### DAMAGES FOR INJURY TO, LOSS OF, AND DESTRUCTION OF NATURAL RESOURCES WITHIN FAYATTE COUNTY PURSUANT TO SECTION VI(a)(19)(E) OF FAYETTE COUNTY PUBLIC NUISANCE ORDINANCE

100. In Response to the second Paragraph 85 of Plaintiff's Complaint, Defendants re-assert their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

101. Defendants deny the allegations in the second Paragraph 86 of the Complaint.

102. Defendants deny the allegations in the second Paragraph 87 of the Complaint.

103. Defendants deny the allegations in the second Paragraph 88 of the Complaint.

104. In response to the second Paragraph 89 of the Complaint, Defendants stated that they are without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has incurred and is continuing to incur Abatement Action Costs and Natural Resource Damage Assessment Costs, and deny all other allegations in the second Paragraph 89 of the Complaint.

105. Defendants deny the allegations in the second Paragraph 90 of the Complaint.

### COUNT SIX:

**UNJUST ENRICHMENT**

106. In response to the second Paragraph 91 of Plaintiff's Complaint, Defendants re-assert their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

107. Defendants deny the allegations in Paragraph 92 of the Complaint.

108. Defendants deny the allegations in Paragraph 93 of the Complaint.

109. Defendants deny the allegations in Paragraph 94 of the Complaint.

110. Defendants deny the allegations in Paragraph 95 of the Complaint.

111. Defendants deny that Plaintiff is entitled to any damages, costs, and fees, or other relief sought in the "PRAYER FOR RELIEF" and/or "WHEREFORE" clause of Plaintiff's Complaint, including all subparts, and further denies Plaintiff is entitled to any damages, costs, fees and/or relief, whatsoever.

112. The West Defendants deny each and every allegation of Plaintiff's Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Defendants, having fully answered the allegations of counts, hereby assert the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant did not breach any legal duty which may have been owed to Plaintiff.

3. The Complaint is barred in whole or in part, to the extent that the alleged acts or omissions of Defendant were not the proximate cause of the injuries and damages allegedly sustained by the Plaintiff.

4. Plaintiff's injuries and/or damages may have been caused in whole or in part by other parties and/or non-parties, in the event which Defendant is entitled to dismissal or contribution, and special interrogatories to be submitted to the jury to determine the amount of same, all as provided for by controlling statutes, common law and Fed. R. Civ. P. 49.

5. The Complaint is barred, in whole or in part, because Defendant complied with all applicable federal, state, local and statutory laws and regulations, industry standards and/or usage of trade.

6. Plaintiff's right to any recovery may be reduced or barred by Plaintiff's comparative negligence.

7. Plaintiff's injuries and/or damages may have been caused by intervening and/or superseding causes.

8. Defendant raises, so as not to waive, any and all affirmative defenses set forth under Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, including but not limited to accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata,* statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense

9. Pursuant to W. Va. Code § 55-7-13d(a)(2), a nonparty may be wholly or partially at fault.

10. If there is any actionable liability of the West Defendants, which liability the West Defendants specifically and expressly deny, such liability should be compared to the fault of Plaintiff and the other parties and actors involved in the matters alleged in the Complaint. The West Defendants allege that any award made to Plaintiff in this action must be proportionally

allocated among Plaintiff, parties, or actors found to be culpable in accordance with the percentage of any negligence or fault attributed to Plaintiff, the West Defendants, parties, and actors. The West Defendants further allege that pursuant to W. Va. Code § 55-7-13c(c), to the extent Plaintiff's fault is greater than the combined fault of all other parties or actors responsible for the total amount of damages, Plaintiff shall be barred from recovery.

11. The West Defendants are entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute.

12. Plaintiff has failed to mitigate their respective alleged damages, if any.

13. Plaintiff's claims may be barred by the doctrine of assumption of the risk.

14. Plaintiff's claims are barred, in whole or in part, for lack of standing.

15. Plaintiff's claims for unjust enrichment are barred or limited because Defendants did not receive and retain any alleged benefit from the Plaintiff.

16. Plaintiff lacks statutory authorization to assert some or all of the claims contained in the Complaint and/or seek the relief sought therein.

17. The Ordinance is ultra vires and unenforceable in whole or in part.

18. The Ordinance is preempted under West Virginia law.

19. The Ordinance impermissibly delegates authority to the County Prosecuting Attorney and Code Enforcement Agency.

20. The Ordinance impermissibly expands the common law definition of a public nuisance.

21. The Ordinance, both facially and as applied in this case, violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and of Article 3, Section 10 of the West Virginia Constitution including for the following reasons:

    a. The Ordinance is unconstitutionally vague because it contravenes the established common law nuisance definition and fails to adequately inform the public as to what constitutes a public nuisance;

    b. The Ordinance eliminates historically recognized affirmative defenses;

    c. The Ordinance alters the standard burdens of proof in a civil law suit; and

    d. The Ordinance permits the imposition of ruinous costs to be assessed against a party who challenges an abatement order.

22. Defendant reserves the right to amend this Answer to assert additional affirmative defenses as their applicability is discovered.

**WHEREFORE**, the Defendants respectfully pray that the Court Dismiss Plaintiff's Complaint, with prejudice, and grant the Defendants such other and further relief as may be appropriate and just.

Respectfully submitted,

**GADSDEN, GAILLARD, AND WEST LLC and DENNIS EUGENE WEST,**

**By: Spilman Thomas & Battle, PLLC**

*/s/ Gerald M. Titus III*
Gerald M. Titus III (WV Bar No. 9392)
David L. Yaussy (WV Bar No. 4156)
Joseph C. Unger (WV Bar No. 13699)
Spilman Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321-0273
(304) 340-3800; (304) 340-3801 (facsimile)
gtitus@spilmanlaw.com
dyaussy@spilmanlaw.com
junger@spilmanlaw.com
*Counsel for Dennis West and Gadsden, Gaillard, and West LLC*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA,**
*Ex Rel.*: **ANTHONY CILIBERTI, ESQ.,**
*Fayette County Prosecuting Attorney*,

      **Plaintiffs,**

                                        **Civil Action No. 2:22-cv-00441**

**v.**

**GADSDEN, GAILLARD, AND WEST LLC,**
 *a South Carolina Limited Liability Company*;
**and DENNIS EUGENE WEST,** *an Individual
and Resident of South Carolina*,

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Gerald M. Titus III, counsel for Defendants Dennis West and Gadsden, Gaillard, and West LLC, hereby certify that on this 22nd day of March 2023, I filed this **Answer and Affirmative Defenses of Dennis West and Gadsden, Gaillard, and West LLC to Plaintiff's Complaint,** with the Clerk of the Court using the CM/ECF system, which will send notice to the following:

        Michael O. Callaghan, Esquire
        Neely & Callaghan, PLLC
        1377 Virginia Street East
        Charleston, WV 25301
        (304) 545-4794
        *Counsel for Plaintiff*

        */s/ Gerald M. Titus III*
        Gerald M. Titus III (WV State Bar # 9392)